**413  BACON vs. PROBATE JUDGE** (Kent), No. 14118, 100 M., 183. (Certiorari to Kent.)

To compel respondent to set aside an order for allowance to a widow, on the ground that no legal notice was given to the administrator of the application, and that the amount of the allowance was an abuse of discretion.  The circuit judge denied the writ.

Affirmed May 4, 1894, with costs.

It appeared that no written notice was given, but that the administrator, in response to an oral notice of the application, appeared and furnished the information upon which the order was based.

Held, that there is no statute requiring written notice to be given, and that the court acquired jurisdiction by the appearance of the administrator.  Held, further, that it did not appear that there was any abuse of discretion in making the allowance. Freeman vs. Probate Judge, 79 M., 390 (409); North vs. Probate Judge, 84 M., 69; In re Power Estate, 92 M., 106; Pulling vs. Probate Judge, 88 M., ˙387 (412).

**414  CORBY vs. PROBATE JUDGE** (Wayne), No. 13454, 96 M., 11.

To compel respondent to vacate an order entered May 21, 1872, admitting a will to probate, on the ground that the testator, at the time that the will is alleged to have been executed, was insane and incompetent, and that relator had no knowledge of its probate, or the application therefor, and further, that the proofs on file do not show the proper publication of the notice of the application for probate.

Denied June 1, 1893, with costs.

Held, that the Probate Court has no power to vacate the order, and that mandamus will not lie where the person to whom it is addressed has no power to obey its mandate.